JULIE A. MERSCH, ESQ.
Nevada Bar No. 004695
LAW OFFICE OF JULIE A. MERSCH
1100 E. Bridger Ave.
Las Vegas, NV  89101
(702) 387-5868
Fax: (702) 387-0109
jam@merschlaw.com
*Attorney for Plaintiff Matthew Zirkle*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW ZIRKLE, | ) CASE NO.: |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **COMPLAINT** |
| | ) |
| RELIANCE STANDARD LIFE | ) |
| INSURANCE COMPANY, as Claims | ) |
| Administrator for BrightView Landscapes, | ) |
| LLC Long-Term Disability Plan. | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

Plaintiff, MATTHEW ZIRKLE, by and through his attorney JULIE A. MERSCH, ESQ., complains and alleges as follows:

## I.

## JURISDICTION AND VENUE

1.     This is an action for declaratory and injunctive relief and disability benefits owed, and arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et  seq.

2.     This Court has subject matter jurisdiction under ERISA, 29 U.S.C. § 1132(e)(1); and general federal jurisdiction pursuant to 28 U.S.C. § 1331.

3.     Venue is proper in this district, pursuant to 29 U.S.C. § 1132(e)(2).

## II.

## GENERAL ALLEGATIONS

4.     Plaintiff MATTHEW ZIRKLE ("Zirkle"), at all times relevant, was a resident of

Clark County, Nevada and a participant in the BrightView Landscapes, LLC Long-Term Disability Plan ("the Plan"), insured under policy #LTD 063763.

5.   At all times relevant, BrightView Landscapes, LLC ("BrightView") was Zirkle's employer and the Plan Administrator of the Plan.

6.   Defendant RELIANCE STANDARD LIFE INSURANCE COMPANY ("Reliance") is BrightView's agent and the designated Claims Administrator of the Plan pursuant to 29 U.S.C. § 1002(21)(A).  Thus, Reliance was and is a fiduciary with respect to the Plan as that term is defined pursuant to 29 U.S.C. § 1002(21)(A).

7.   Reliance fully insures the Plan.

8.   Upon information and belief, Reliance delegated its authority to decide claims to a non-fiduciary, Matrix Absence Management.

9.   The district court's review of Zirkle's claim termination is *de novo*.

10.   Zirkle became disabled on or about September 4, 2020 and subsequently made a claim for long-term disability benefits under the Plan.

11.   Reliance defines disability for Class I employees as:

CLASS I: **"Totally Disabled"** and **"Total Disability"** mean, that as a result of an Injury or Sickness, during the Elimination Period and thereafter an Insured cannot perform the substantial and material duties of his/her regular occupation;
(1) "Partially Disabled" and "Partial Disability" mean that as a result of an Injury or Sickness an Insured is capable of performing the material duties of his/her regular occupation on a part-time basis or some of the material duties on a full-time basis. An Insured who is Partially Disabled will be considered Totally Disabled, except during the Elimination Period; and
(2) "Residual Disability" means being Partially Disabled during the Elimination Period. Residual Disability will be considered Total Disability.

Group Long-Term Disability Policy No. LTD 063763 ("LTD Policy") at 2.1.

12.   At all relevant times, Zirkle was a Class I employee.

13.   Prior to his date of disability, Zirkle worked as a Chief Estimator for BrightView.

14.   The substantial and material duties of a Chief Estimator include the ability to analyze blueprints, specifications, proposals, and other documentation to prepare time, cost, and labor estimates for products, projects, or services, applying knowledge of specialized

methodologies, techniques, principles, or processes.  A Chief Estimator manages numerous projects and people at the same time under multiple deadlines, requiring effective leadership, communication, and organizational skills.  A Chief Estimator position is performed mostly sitting.

## ZIRKLE'S DISABILITY

15.     In August 2020, Zirkle underwent thoracic spine implant surgery to abate his chronic back pain symptoms emanating from a car accident many years before. The surgery was unsuccessful due to a defective implant (in his thoracic spine) and battery pack (in his left hip and buttocks area). Zirkle developed deep surgical wound infections at both sites. He also suffered internal burns at the site of the battery pack.

16.     Thereafter, Zirkle underwent six (6) or more surgeries related to the implant and battery back failures and suffered multiple resistant infections; repeated wound debridements; and debilitating pain, necessitating numerous hospitalizations (for their treatment) from September 9, 2020 - June  2021.

17.     Zirkle's surgeon removed the defective implant and battery pack on an emergent basis on January 1, 2021.

18.     Treatment for the recurrent infections continued through 2021. Symptoms from these infections included fever, nausea, weakness, fatigue, abdominal pain from C Diff infection, migraine headaches, and malaise.

19.     As a result of the failed implant surgery and its sequela, Zirkle developed, *inter alia*, new severe, chronic pain to his mid-back, lower back, and left hip/left buttocks (where the battery pack had been placed).  Significant scar tissue developed at the areas in the thoracic spine and left hip/buttocks which limited Zirkle's mobility and contributed to his pain and overall discomfort.

20.     Zirkle requires high doses of pain medication to treat his pain. As noted by Reliance:

> Pain Clinic serial records to 03/02/22 note monthly evaluations of chronic back pain with sleep disturbance & renewal of chronic pain medications with surveillance urine drug screen. Diagnosis noted as Lumbar spondylosis & radiculopathy, chronic migraine, chronic pain syndrome and thoracic spondylosis without myelopathy or radiculopathy.

A lumbar back brace is ordered on 02/02/22 with claimant reporting 30% improvement in pain related to oral maintenance medications. Exam on 03/02/22 noted normal gait, bilateral lumbar tenderness with positive load sign and decreased lumbar ROM. Current pain medication treatment regime includes Flexeril, Ibuprofen 800mg. Lyrica 300mg, Nucytal ER 150MG, Oxycodone 15mg & Tizanidine.

Medical Review by M. Foulkner, RN dated April, 2022.

21.     Due to his subjective and objectively-verifiable symptoms as supported by the objective findings, Zirkle was unable to perform the material and substantial duties of a Chief Estimator and as stated, made a claim for LTD benefits under the Plan.

22.     After completion of the elimination period, Reliance approved Zirkle's long-term disability claim. Reliance started paying Zirkle long-term disability benefits on or about March 7, 2021.

23.     Zirkle unsuccessfully tried returning to work with restrictions on a part-time basis beginning in March 2021. He was not able to complete his duties in a timely and consistent fashion due to his need to take long and frequent breaks in bed.  His back and hip pain increased from sitting too long, and he could not focus or concentrate on his work. He stopped working on May 7, 2021 after having to be hospitalized for an abscess on his back and wound infection with purulent drainage.

24.     BrightView terminated Zirkle's employment on or about July 7, 2021 due to his inability to work.

**RELIANCE TERMINATES ZIRKLE'S LTD CLAIM;
ZIRKLE APPEALS THE TERMINATION; and
RELIANCE FAILS TO TIMELY DECIDE THE APPEAL**

25.     Reliance paid Zirkle's LTD claim from March 7, 2021 - April 7, 2022 based on a review of his medical records and the opinions of his treating doctors.

26.     In a letter dated April 14, 2022, Reliance terminated Zirkle's LTD benefits on the basis that he no longer satisfied the definition of "Totally Disabled" or "Total Disability" (hereafter "Termination Letter").

27.     The Termination Letter offered as the basis for the termination, in pertinent part:

Available medical record [sic] were reviewed by our clinical staff, and we have determined that you are capable of full time sedentary work activity and or part time light work function.

Termination Letter at 3.

28.    On November 14, 2022, Zirkle appealed the termination of benefits ("Appeal Letter").

29.    In the Appeal Letter, Zirkle provided medical and non-medical evidence in support of his appeal and reinstatement of benefits, including four (4) statements from friends and family members (in a position to comment on his functional status before and after September 4, 2020); letters from his neurosurgeon Dr. Garber and his pain management specialist Dr. Brimhall along with their *curriculum vitaes*; a Functional Capacity Evaluation enclosing the *curriculum vitae* of the examiner; a slew of medical records not included in Reliance's review; job descriptions for "Chief Estimator"; and his own statement in support of payment of ongoing benefits.

30.    In the Appeal Letter, Zirkle cited to this evidence and attacked Reliance's failure to engage an appropriate medical provider to review his records and its characterization of his occupation as simply "sedentary" without any discussion of the substantial and material duties of a Chief Estimator and Zirkle's ability to perform them, applying the disability definition for Class I employees.

31.    On January 17, 2022, in a letter dated January 11, 2022, Reliance advised Zirkle, through counsel, that it needed 45 more days to complete its review. Reliance stated in pertinent part:

> We are required to make a decision within 45 days of the date of your client's appeal but are allowed an additional 45 days if circumstances do not permit us to make a decision within the initial 45 day time frame. Please allow this letter to serve as notice of our intention to take beyond 45 days to make a final decision on your appeal, as we are currently awaiting the outcome of an Independent Physician Peer Review.

Letter from Veedis Kimble, Reliance Standard Life Ins. Co. to Law Office of Julie Mersch dated January 11, 2023 ("Extension Letter").

32.    The current Department of Labor Regulations (issued under §503 of ERISA) state that for long-term disability benefit determinations, the plan administrator must make a decision on the participant's request for review within forty-five days of receipt of the request for review. 29 C.F.R. § 2560.503-1(i)(3), further referencing (i)(l)(requiring written notice to

the claimant of the need for an extension of time and other requirements).

33.    Zirkle was not notified of the Extension Letter prior to the termination of the initial 45-day period to decide his appeal. The Extension Letter did not indicate special circumstances requiring an extension of time.  29 C.F.R. § 2560.503-1(i)(1)(i).

34.    The Extension Letter did not provide the date by which the Plan expected to render the determination on review.  29 C.F.R. § 2560.503-1(i)(1)(i).

35.    Therefore, pursuant to 29 C.F.R. § 2560.503-1(1), Zirkle is deemed to have exhausted the administrative remedies available under the plan, and his appeal is deemed denied on review without the exercise of discretion by Reliance.

**III.**

**CLAIM FOR RELIEF: WRONGFUL DENIAL OF BENEFITS UNDER ERISA
§502(a)(1)(B), 29 U.S.C. §1132 (A)(1)(B)**

36.    Plaintiff incorporates Paragraphs 1 through 35 as though fully set forth herein.

37.    ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) permits a plan participant to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan, and/or to clarify his rights to future benefits under the terms of a plan.

38.    At all relevant times, Zirkle has been entitled to long-term disability benefits under the Plan.  By denying Zirkle's claim for long-term disability benefits under the Plan as set forth in the Termination Letter, and by related acts and omissions, Defendant Reliance has violated, and continues to violate, the terms of the Plan and Zirkle's rights thereunder.

**PRAYER FOR RELIEF**

39.    Zirkle respectfully requests that this Court review the termination of benefits in this case; declare that Reliance violated the terms of the Plan; reverse Reliance's termination of his long-term disability benefits and award: 1) past long-term disability benefits from 4/8/22 through the present and continuing, subject to the terms of the Plan; 2) pre-judgment and post-judgment interest; 3) payment of attorney's fees and costs associated with attempting to secure the benefits owed to him pursuant to ERISA §502(g)(1), 29 U.S.C. §1132(g)(1); and 4) any

other appropriate relief allowed under law.

DATED this 25th day of January, 2023.

LAW OFFICE OF JULIE A. MERSCH

By:     /s/ Julie A. Mersch
        JULIE A. MERSCH, ESQ.
        Nevada Bar No. 004695
        1100 E. Bridger Ave.
        Las Vegas, Nevada 89101
        *Attorney for Plaintiff Matthew Zirkle*

W:\ZIRKLE.MATT\PLDGS\Complaint.wpd